LAW OFFICE OF
Herbert A. Viergutz, P.C.
1029 West Third, Suite 28011
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

Counsel for Gerald Mahle

RECEIVED
NOV 0 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA ANCHORAGE

GERALD MAHLE,

    Plaintiff,

v.

MUNICIPALITY OF ANCHORAGE; JOHN DOES 1-30; and the STATE OF ALASKA,

    Defendants.

Case No. 3:06-cv-_____-____

### COMPLAINT

### I.

### INTRODUCTION

The Plaintiff, Gerald Mahle (hereinafter "Mahle"), requests trial by jury and for his cause of action against the Defendants, The Municipality of Anchorage (hereinafter "MOA") and the State of Alaska (hereinafter "State") collectively hereinafter referred to as "Defendants", states and avers as follows:

### II.

### PARTIES

1. The Plaintiff, Mahle, is a resident and citizen of the State of Alaska, and is qualified in all respects to maintain this action.

2. The Defendant, MOA, upon information and belief, is a duly authorized Governmental entity existing under the laws of the State of Alaska.

3. The Defendant, State, is a duly organized governmental entity and is a proper party Defendant pursuant to the laws of the State of Alaska.

1

## III.
## JURISDICTION

This Court has subject matter jurisdiction as a result of the case arising under the Constitution and laws of the United States of America; and under 28 U.S.C. § 1343, as this action seeks redress and damages for violation of 42 U.S.C. §§ 1983, 1985, and 1988, and, in particular, the due process and equal protection provisions of the United States Construction, including the rights protected in the Fourth; Fifth; and Fourteenth Amendments thereof; and as a result of this civil action seeking monetary redress, exclusive of interests and costs, as well as attorney fees, in a sum in excess of $100,000.00.

2. This Court also has pendant jurisdiction over the related State law claims, i.e., intentional/negligent infliction of emotional distress; defamation; false arrest; malicious prosecution; and false imprisonment.

## IV.
## VENUE

3. Venue is appropriate in this Court under 28 U.S.C. § 1391 (d) and (e), since all events giving rise to this Complaint incurred in this jurisdiction, as well as the same being the residence of Defendants.

4. Further, Plaintiff, Mahle, is a citizen of the United States and a resident of Anchorage, Alaska.

## V.
## FACTS RELEVANT TO CAUSES OF ACTION

5. On November 6, 2000, Mahle was indited on numerous weapons and controlled substance charges. The charges were brought as a result of items seized when a series of search warrants were executed on Mahle's mobile home.

6. Mahle was convicted of most of the charges after a six-day trial commencing on August 28, 2001.

7. On September 9, 2004, just prior to Mahle being sentenced, he filed a renewed Motion to Suppress Evidence based, in part, on *State v. Crocker*, 97 P. 2d 93 (Alaska App. 2004); and Noy v. State, 83 P. 3d 538 (Alaska App. 2003) (Noy I) rehearing denied (Noy II) S. Ct. No. S 11297(Sept. 7, 2004).

8. While Mahle's *Crocker* Motion was pending, and after the State requested an Evidentiary Hearing to challenge the factual basis of the Alaska Supreme Court Decision in *Ravin v. State*, 537 P. 2d 494 (Alaska 1975), Mahle filed a Motion to Dismiss all charges in the Indictment based on *Crocker*. Ultimately, the Court denied the State's request for a *Ravin* Hearing, and asked the parties to brief the question of whether *State v. Crocker* applied to the search warrants issued in Mahle's case in 2000.

9. The Court found that *State v. Crocker* applied settled law to a new factual situation and, thus, it was to be given full retroactive effect.

10. The Court further found that Mahle properly preserved his *Crocker* claim.

11. The Court also found that the law of the case doctrine did not bar Mahle's new Motion to Dismiss.

12. Significantly, the Court found that the police did not have probable cause to search Mahle's mobile home in light of *State v. Crocker*.

13. Accordingly, on July 28, 2006, the Honorable Philip R. Volland of the Superior Court for the State of Alaska granted Mahle's Motion to Suppress and Motion to Dismiss, setting aside Mahle's conviction pursuant to Criminal Rule 43(c).

## VI.

## CAUSES OF ACTION

14. Mahle's civil rights were violated by the MOA through its improper searches of Mahle's residence.

15. Mahle's civil rights were violated by the State as a result of its obtaining warrants without basis, including, but not limited to misstatements of fact.

3

16. Mahle's civil rights were violated by his being improperly incarcerated and in violation of law by the Defendants for in excess of six years. (See attached Order Re: Crocker Motion to Suppress and Motion to Dismiss - Exhibit 1 hereto).

17. As a result of the civil rights violations of Defendants, Mahle has incurred debt to the United State of America in an amount in excess of $300,000.00 (see Exhibit 2 hereto).

18. As a result of the actions of Defendants herein, Mahle was falsely arrested and falsely imprisoned, with his only redress at this point in time being monetary damages and entitlement to a sum in excess of $1,000,000.00.

19. As a result of the actions of Defendants herein, said Defendants either negligently or intentionally inflicted severe emotional distress upon Mahle, for which he seeks monetary damages in an amount in excess of $1,000,000.00 .

20. As a result of the actions of Defendants herein, Mahle has been the subject of libel and slander, for which he seeks redress in an amount in excess of $1,000,000.00.

21. As a result of the actions of Defendants herein, Mahles' civil rights were violated as a result of the improper seizure of his safe, and the Defendants retaining the contents thereof.

## VII.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Demands Judgment against Defendants, and each of them, jointly and severely, in an amount in excess of $1,000,000.00, together with interest, costs and reasonable attorney fees. Plaintiff should also receive the contents of his safe which heretofore have been illegally retained by Defendants.

Dated this 2 day of November, 2006.

Herbert A. Viergutz, AK Bar No. 8306088
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334
barmar@gci.net

4