UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| GERALD MAHLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MUNICIPALITY OF ANCHORAGE, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | 3:06-cv-00255 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at Docket 4] |

## I. MOTION PRESENTED

At docket 4, defendant State of Alaska moves for an order dismissing plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1988 against the State pursuant to Federal Rule of Civil Procedure 12(b)(6). At docket 8, plaintiff Gerald Mahle opposes the motion. Defendant replies at docket 11. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

On November 6, 2000, Gerald Mahle was indicted on numerous weapons and controlled substance charges. After a jury trial, Mahle was convicted of most of the charges. Prior to sentencing, Mahle's conviction was set aside based on an intervening decision by the Alaska Court of Appeals in another case.[1]

---

[1] *State v. Crocker*, 97 P.3d 93 (Alaska App. 2004).

On November 2, 2006, Mahle filed a complaint against the Municipality of Anchorage, John Does 1-30, and the State of Alaska. Plaintiff Mahle's complaint alleges claims under 42 U.S.C. §§ 1983, 1985, and 1988, as well as state law claims of "intentional/negligent infliction of emotional distress; defamation; false arrest; malicious prosecution; and false imprisonment."[2] On November 22, 2006, defendant State of Alaska filed the underlying motion to dismiss on the grounds that the State is not a "person" subject to suit under §1983 and § 1985. Plaintiff subsequently requested and received leave to file an amended complaint. Plaintiff's amended complaint alleges the same claims as the original complaint, but names Steven Boltz, Duane Jones, Kevin Donley, and Kari Brady as defendants, in addition to the Municipality of Anchorage, John Does 1-26, and the State of Alaska.

Plaintiff's amended complaint alleges that defendants Kevin Donley and Kari Brady were employed by the State of Alaska as Assistant District Attorneys at all relevant times and "were responsible for obtaining search warrants at issue, and overseeing the Grand Jury which culminated in the illegal inditement [sic] of Mahle." The amended complaint alleges that defendants Donley and Brady "were acting individually and/or [in] concert with other Defendants" and "are sued in their individual capacity."[3] The amended complaint also alleges that defendants Steven Boltz and Duane Jones were municipal employees and officers with the Anchorage Police Department at all relevant times, and that defendants Boltz and Jones executed the search warrants in their individual capacity.[4]

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving

---

[2]Complaint at 2, doc. 1.

[3]Amended Complaint at 2, doc. 18.

[4]*Id.*

party."[5] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[6] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8]

## IV. DISCUSSION

Pursuant to Rule 12(b)(6), defendant State of Alaska ("the State") requests an order dismissing plaintiffs claims under 42 U.S.C. §§ 42 U.S.C. 1983, 1985, and 1988 against the State. The State argues that plaintiff's claims against the State fail to state claims upon which relief can be granted because the State is not a "person" subject to suit under 42 U.S.C. §§ 1983 and 1983, and "the Eleventh Amendment is otherwise a complete bar to the claims asserted by Plaintiff."[9]

After the State filed its motion to dismiss, plaintiff amended his complaint in order to name two state employees and two municipal employees. Plaintiff now argues that his amended complaint "moots the State's technical argument that it is not a 'person' under 42 U.S.C. § 1983 and § 1985."[10]

In *Will v. Michigan Department of State Police*, the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" subject to

---

[5] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[6] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

[7] *Vignolo,* 120 F.3d at 1077.

[8] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] Doc. 5 at 5.

[10] Doc. 8 at 1.

suit under § 1983.[11]  The court further ruled that such suits are barred by the Eleventh Amendment.  Similarly, the Ninth Circuit has recognized that actions under § 1985 will not lie against states and state agencies.[12]

In *Hafer v. Melo*, the Supreme Court addressed the related question of whether state officials sued for monetary relief in their individual capacities are "persons" under § 1983.  The Supreme Court held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983" and that the "Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts."[13]

Contrary to plaintiff's assertion, naming two state employees in their "individual" capacity does not moot the State's motion to dismiss plaintiff's claims against the State.  Based on the plain language of the amended complaint, plaintiff is suing defendants Donley and Brady solely in their individual or personal capacities.  Even if plaintiff was attempting to sue Donley and Brady in their official capacities as well, suits against state officials in their official capacity are treated as suits against the State.[14]  As indicated above, the State is not subject to suit under § 1983 or § 1985.  For the reasons stated above, plaintiff's claims against the State pursuant to § 1983 and § 1985 are dismissed.  Accordingly, plaintiff's § 1988 claim for attorney's fees against the State under §1983 and § 1985 is also dismissed.

The State next argues that plaintiff's remaining state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) because "the Court's jurisdiction over these claims relies upon the on-going viability of Plaintiff's federally based claims."[15]  Pursuant to § 1367(c)(3), a district court may decline to exercise supplemental

---

[11] 491 U.S. 58, 71 (1989).

[12] *Sykes v. State of California*, 497 F.2d 197, 201-202 (9th Cir. 1974.)

[13] *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

[14] *Id.* at 25.

[15] Doc. 5 at 4-5.

-4-

jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." The State's motion to dismiss all of plaintiff's remaining state law claims is premature because the court has not dismissed all claims over which it has original jurisdiction in this action.

## V.  CONCLUSION

For the reasons set out above, defendant's motion to dismiss at docket 4 is **GRANTED IN PART**, and plaintiff's claims against the State of Alaska under 42 U.S.C. §§ 1983, 1985, and 1988 are **DISMISSED**.

DATED this 12th day of March 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE