UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| GERALD MAHLE, | ) |
| Plaintiff, | ) 3:06-cv-00255 JWS |
| vs. | ) ORDER AND OPINION |
| MUNICIPALITY OF ANCHORAGE, et al., | ) [Re: Motions at Docket Nos. 22, 32, and 38] |
| Defendants. | ) |

## I. MOTIONS PRESENTED

At docket 22, defendants Keri Brady and Kevin Donley move for an order dismissing plaintiff's claims against them under 42 U.S.C. §§ 1983 and 1985 with prejudice and dismissing plaintiff's state law claims against them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). At docket 30, plaintiff Gerald Mahle opposes the motion. Defendants reply at docket 34.

At docket 32, defendants Brady and Donley request the court to stay discovery and other trial deadlines pending resolution of their motion to dismiss. At docket 35, plaintiff filed a non-opposition to defendants' motion to stay. At docket 38, defendant the State of Alaska ("the State") joins defendants Brady and Donley's motion to dismiss

and moves to dismiss plaintiff's state law claims against the State. Oral argument was not requested on any of the motions and it would not assist the court.

## II. BACKGROUND

On November 6, 2000, Gerald Mahle was indicted on numerous weapons and controlled substance charges. The charges were based on evidence seized after a series of four search warrants were executed at his home. The first search warrant was issued to search Mahle's home based on a police officer's testimony that he smelled marijuana coming from Mahle's home. The second warrant was issued to search a safe in Mahle's bedroom based on police officer testimony that they could smell marijuana coming from the safe during the execution of the first warrant. The second warrant yielded evidence of illegal possession of drugs and weapons, which led to the issuance of the third and fourth warrants. After a jury trial, Mahle was convicted of most of the charges.

Prior to sentencing, Mahle's conviction was set aside based on an intervening decision in *State v. Crocker*,[1] in which the Alaska Court of Appeals held that "a judicial officer should not issue a warrant to search a person's home for evidence of marijuana possession unless the State's warrant application establishes probable cause to believe that the person's possession of marijuana exceeds the scope of the possession that is constitutionally protected under *Ravin*."[2] In *Ravin v. State*, the Alaska Supreme Court

---

[1] 97 P.3d 93 (Alaska App. 2004).

[2] *Crocker*, 97 P.3d at 94 (citing *Ravin v. State*, 537 P.2d 494 (Alaska 1975)).

held that the privacy provision of the Constitution of the State of Alaska "protects an adult's right to possess a limited amount of marijuana in their home for personal use."[3]

On November 2, 2006, Mahle filed a complaint against the Municipality of Anchorage, John Does 1-30, and the State of Alaska. Plaintiff Mahle's complaint alleged claims under 42 U.S.C. §§ 1983, 1985, and 1988, as well as state law claims of "intentional/negligent infliction of emotional distress; defamation; false arrest; malicious prosecution; and false imprisonment."[4] On November 22, 2006, defendant State of Alaska filed a motion to dismiss plaintiff's claims in part on the grounds that the State is not a "person" subject to suit under § 1983 and § 1985. The court granted the State's motion in part, dismissing plaintiff's claims against the State under § 1983, § 1985, and § 1988. Plaintiff requested and received leave to file an amended complaint. Plaintiff's amended complaint alleges the same claims as the original complaint, but names Steven Boltz, Duane Jones, Kevin Donley, and Kari Brady as defendants, in addition to the Municipality of Anchorage, John Does 1-26, and the State of Alaska.[5]

Plaintiff's amended complaint alleges that defendants Kevin Donley and Kari Brady were employed as Assistant District Attorneys by the State of Alaska at all relevant times and "were responsible for obtaining [the] search warrants at issue, and overseeing the Grand Jury which culminated in the illegal inditement [sic] of Mahle."[6] The amended complaint specifically avers that Mahle's civil rights were violated by

---

[3]*Id.*

[4]Complaint at 2, doc. 1.

[5]Doc. 18.

[6]Amended Complaint at 2, doc. 18.

defendants as a result of their "obtaining warrants without basis, including, but not limited to misstatements of fact."[7] The amended complaint further alleges that defendants Donley and Brady "were acting individually and/or [in] concert with other Defendants" and "are sued in their individual capacity."[8]

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[9] The court is not required to accept every conclusion asserted in the complaint as true, rather the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[10] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[11] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[12]

---

[7] *Id.* at 4.

[8] Amended Complaint at 2, doc. 18.

[9] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[10] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

[11] *Vignolo,* 120 F.3d at 1077.

[12] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

-4-

## IV. DISCUSSION

**Claims Under 42 U.S.C. § 1983**

Defendants Brady and Donley move to dismiss Mahle's § 1983 claims against them on two grounds: "(1) his claims are not cognizable under section 1983; and (2) Ms. Brady and Mr. Donley are immune from the claims alleged by Mr. Mahle."[13] To establish a claim under § 1983, plaintiff must show that "1) a violation of a right secured by the Constitution and laws of the United States has occurred; and 2) the person alleged to have committed the violation acted under color of state law."[14]

It is undisputed that defendants Brady and Donley were acting under color of state law. As to the first element of his § 1983 claim, plaintiff asserts that defendants violated his civil rights by "obtaining [the] search warrants at issue, and overseeing the Grand Jury which culminated in the illegal inditement [sic] of Mahle."[15] Plaintiff's complaint specifically alleges that defendants "did not have probable cause to search Mahle's mobile home in light of *State v. Cocker*"[16] and that defendants thus obtained the warrants "without basis, including, but not limited to misstatements of fact."[17]

Defendants Brady and Donley argue that plaintiff's claims are not cognizable under § 1983 because the "crux of Mr. Mahle's claim is that the warrants to search his home and his safe based on police officer testimony that they smelled a strong odor of

---

[13] Doc. 23 at 2.

[14] *Villegas v. City of Gilroy*, 484 F.3d 1136, 1139 (9th Cir. 2007).

[15] Amended Complaint at 2, doc. 18.

[16] *Id.* at 4.

[17] *Id.*

marijuana are not supported by probable cause based on *Crocker*,"[18] which is state law not federal law. "[W]hen a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action."[19] "However, Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.' To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."[20]

"Probable cause exists when the arresting officer has 'a reasonable belief, evaluated in light of the officer's experience and the practical considerations of everyday life, that a crime has been, is being, or is about to be committed.'"[21] Under federal law, "the presence of the odor of contraband may itself be sufficient to establish probable cause."[22] Under Alaska law, the odor of marijuana alone is not sufficient to establish probable cause "unless the State's warrant application establishes probable cause to believe that the person's possession of marijuana exceeds the scope of the possession that is constitutionally protected under *Ravin*."[23] Defendants contend that "[b]ecause

---

[18] Doc. 23 at 7.

[19] *Lovell By and Through Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[20] *Id.* (internal citation omitted).

[21] *Johnson v. Hawe*, 388 F.3d 676, 681 (9th Cir. 2004) (quoting *Hopkins v. City of Sierra Vista*, 931 F.2d 524, 527 (9th Cir. 1991) (citation and internal quotation marks omitted)).

[22] *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989).

[23] *Crocker*, 97 P.3d at 94 (citing *Ravin v. State*, 537 P.2d 494 (Alaska 1975)).

there was sufficient probable cause under federal law to support the issuance of the search warrants in question, Mr. Mahle's claims [based on the lack of probable cause] are not cognizable under section 1983."[24] The court concurs.

Defendants next contend that even if plaintiff's allegations are cognizable under § 1983, defendants Brady and Donley are absolutely immune from plaintiff's claims. "In determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity," the court applies a functional approach, which looks to the "nature of the function performed, not the identity of the actor who performed it."[25]

Plaintiff's complaint alleges that as prosecuting attorneys, defendants Brady and Donley violated his rights by "obtaining [the] search warrants at issue, and overseeing the Grand Jury which culminated in the illegal inditement [sic] of Mahle."[26] It is well established that a "prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate."[27] The Supreme Court has specifically ruled that absolute immunity extends to a prosecutor's presentation of a criminal case to a grand jury.[28] In *Burns v. Reed*, "after noting the consensus among the Courts of Appeals concerning prosecutorial conduct before grand juries, [the Supreme Court] held that the prosecutor's appearance in court in support of an application for a search

---

[24]Doc. 23 at 8.

[25]*Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal citations omitted).

[26]Amended Complaint at 2, doc. 18.

[27]*Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

[28]*Malley v. Briggs*, 475 U.S. 335, 343 (1986); *Burns v. Reed*, 500 U.S. 478, 490 (1991).

-7-

warrant and the presentation of evidence at that hearing were protected by absolute immunity."[29]

In his opposition to the motion to dismiss, plaintiff argues that defendants Brady and Donley are not entitled to absolute immunity because their actions were investigatory in nature. Without alleging the same in his complaint, plaintiff contends in his opposition that defendant Brady charged plaintiff with two additional offenses and subjected him to a second trial seventeen months after the fact, and that defendant Donley testified in obtaining the illegal search warrants.

A prosecutor seeking an indictment is shielded by absolute immunity "because any lesser immunity could impair the performance of a central actor in the judicial process."[30] Accordingly, even construing plaintiff's averments as true and timely presented, defendant Brady's acts in charging plaintiff with two additional offenses are protected by absolute immunity. As to plaintiff's assertion in his opposition that defendant Donley testified in obtaining the illegal search warrants, the Supreme Court has ruled that "[t]estifying about facts is the function of the witness, not of the lawyer," therefore a prosecutor is protected by qualified immunity when testifying as a witness in support of a warrant.[31]

Assuming for the sake of argument that plaintiff's complaint alleged that defendant Donley testified at a search warrant hearing, defendant Donley would be

---

[29]*Kalina*, 522 U.S. at 125-126 (citing *Burns*, 500 U.S. at 490-492).

[30]*Id.* at 128 (quoting *Malley*, 475 U.S. at 343).

[31]*Id.* at 130-131.

-8-

entitled to qualified immunity because the right plaintiff claims defendant Donley violated was not clearly established at the time of defendant Donley's actions. "The first inquiry in conducting a qualified immunity analysis is: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'"[32] If a violation can be made out, "'the next sequential step is to ask whether the right was clearly established.'"[33] "This second inquiry 'must be undertaken in light of the specific context of the case,' to discern whether '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[34]

As indicated above, the crux of plaintiff's claim is that defendants violated his rights by obtaining a search warrant without probable cause based on *State v. Crocker*, in which the Alaska Court of Appeals ruled that the odor of marijuana alone is not sufficient to establish probable cause "unless the State's warrant application establishes probable cause to believe that the person's possession of marijuana exceeds the scope of the possession that is constitutionally protected under *Ravin*."[35] For the reasons discussed earlier, plaintiff's claim is not cognizable under § 1983 because § 1983 offers no redress to the extent a violation of a state law amounts to the deprivation of a state-

---

[32] *Johnson v. Hawe*, 388 F.3d 676, 681 (9th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

[33] *Id.*

[34] *Id.*

[35] *Crocker*, 97 P.3d at 94 (citing *Ravin v. State*, 537 P.2d 494 (Alaska 1975)).

-9-

created interest that reaches beyond that guaranteed by the federal Constitution.[36] Moreover, even if plaintiff were able to show an enforceable federal violation based on the Alaska Constitution's separate right to privacy and Alaska state court decisions interpreting that right, the right plaintiff claims was violated was not clearly established at the time of defendants' actions such that a reasonable prosecutor would know that his or her actions violate a constitutional right. The cases upon which plaintiff relies were both decided after the actions alleged in plaintiff's complaint.[37]

For the reasons stated above, the court will dismiss plaintiff's § 1983 claims against defendants Brady and Donley. Plaintiff has failed to allege a claim that is cognizable under § 1983 and defendants are entitled to at least qualified immunity from plaintiff's claims related to their actions in obtaining the search warrants at issue, and absolute immunity in relation to plaintiff's claims concerning their actions before the grand jury.

**Claims Under 42 U.S.C. § 1985**

In his amended complaint, plaintiff alleges that defendants Brady and Donley violated 42 U.S.C. § 1985, which proscribes certain types of conspiracies to deprive persons of the equal protection of the laws. Because plaintiff does not assert any federal interest or involvement with the alleged conspiracy, the court must conclude that plaintiff's §1985 claims against defendants Brady and Donley are based on the second

---

[36]*Lovell*, 90 F.3d at 370.

[37]*State v. Crocker*, 97 P.3d 93 (Alaska App. 2004); *Noy v. State*, 83 P.3d 538 (Alaska App. 2003).

-10-

clause of § 1985(2) or the first clause of 1985(3).[38] "Under the relevant clauses of these subsections, a properly pleaded claim must include an allegation of racial or class-based animus."[39] "To establish racial or class-based animus, a plaintiff must show 'invidiously discriminatory motivation...behind the conspirators' action.'"[40]

Defendants move to dismiss plaintiff's § 1985 claims on the grounds that plaintiff's complaint does not aver that any alleged conspiracy was based on "racial or any other protected class animus."[41] Plaintiff did not respond to defendants' argument. Because plaintiff has failed to allege any race or class-based discrimination and show any invidiously discriminatory motivation behind defendants' conduct, plaintiff fails to state a claim for relief under §1985.

For the reasons set out above, plaintiff's claims against defendants Brady and Donley pursuant to § 1983 and § 1985 will be dismissed. Accordingly, plaintiff's § 1988 claims for attorney's fees against defendants Brady and Donley under §1983 and § 1985 will also be dismissed.

**State Law Claims**

Defendants Brady and Donley next argue that plaintiff's remaining state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) on the grounds that if the court dismisses plaintiff's federal claims against them, "there is no need for the Court to retain jurisdiction for the sole purpose of addressing Mr. Mahle's state law

---

[38] *Bretz. v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc).

[39] *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

[40] *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

[41] Doc. 23 at 20.

-11-

claims."[42]  Defendant the State of Alaska moves to dismiss plaintiff's state law claims against the State for the same reason.  Pursuant to § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction."  Defendants' motions to dismiss plaintiff's state law claims are premature because the court has not dismissed all claims over which it has original jurisdiction in this action.  Plaintiff's claims under § 1983, § 1985, and § 1988 against the Municipality of Anchorage and defendants Boltz and Jones remain before the court.

**Motion to Stay**

Defendants Brady and Donley also move the court for a stay of discovery and other trial deadlines pending resolution of their motion to dismiss.[43]   In light of the fact that defendants' motion is resolved herein, the court will deny as moot defendants' motion to stay and direct the parties to meet and complete a scheduling and planning conference report in accordance with the court's order at docket 28.

## V.  CONCLUSION

For the reasons set out above, defendants' motion to dismiss at docket 22 is **GRANTED IN PART** and **DENIED IN PART** as follows.  Defendants' motion to dismiss is **GRANTED** as to plaintiff's claims against defendants Brady and Donley under 42 U.S.C. §§ 1983, 1985, and 1988, and these claims are **DISMISSED**.  Defendants' motion is **DENIED WITHOUT PREJUDICE** as to plaintiff's state law claims.  Defendant

---

[42]Doc. 23 at 20.

[43]Doc. 32.

-12-

the State of Alaska's motion at docket 38 to dismiss plaintiff's state law claims is also **DENIED WITHOUT PREJUDICE**.

If is further ordered that defendants' motion to stay at docket 32 is **DENIED AS MOOT**. The parties are directed to meet and complete a scheduling and planning conference report in compliance with the court's order at docket 28 within twenty-one days from service of this order. The parties shall file the executed scheduling and planning conference report with the court on or before twenty-eight days from service of this order.

DATED at Anchorage, Alaska, this 10th day of July 2007.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE