# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| GERALD MAHLE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cv-00255 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MUNICIPALITY OF ANCHORAGE, *et al.*, | ) | [Re: Motion at Docket 55] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 55, defendants Municipality of Anchorage, Steven Boltz, and Dwayne Jones (collectively "Municipal defendants") move for an order dismissing plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). At docket 61, plaintiff Gerald Mahle opposes the motion. Municipal defendants reply at docket 66. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

On November 6, 2000, Gerald Mahle was indicted on numerous weapons and controlled substance charges. The charges were based on evidence seized after a series of four search warrants were executed at his home. The first search warrant was issued to search Mahle's home based on a police officer's testimony that he smelled marijuana coming from the home. The second warrant was issued to search a safe in Mahle's bedroom based on police officer testimony that they could smell marijuana

coming from the safe during the execution of the first warrant. The second warrant yielded evidence of illegal possession of drugs and weapons, which led to the issuance of the third and fourth warrants. After a jury trial, Mahle was convicted of most of the charges.

Prior to sentencing, Mahle's conviction was set aside based on an intervening decision in *State v. Crocker*,[1] in which the Alaska Court of Appeals held that "a judicial officer should not issue a warrant to search a person's home for evidence of marijuana possession unless the State's warrant application establishes probable cause to believe that the person's possession of marijuana exceeds the scope of the possession that is constitutionally protected under *Ravin*."[2] In *Ravin*, the Alaska Supreme Court held that the privacy provision of the Constitution of the State of Alaska "protects an adult's right to possess a limited amount of marijuana in their home for personal use."[3]

On November 2, 2006, Mahle filed a complaint against the Municipality of Anchorage, John Does 1-30, and the State of Alaska. Plaintiff's complaint alleged claims under 42 U.S.C. §§ 1983, 1985, and 1988, as well as state law claims of "intentional/negligent infliction of emotional distress; defamation; false arrest; malicious prosecution; and false imprisonment."[4] On November 22, 2006, defendant State of Alaska filed a motion to dismiss plaintiff's claims in part on the grounds that the State is not a "person" subject to suit under § 1983 and § 1985. The court granted the State's motion in part, dismissing plaintiff's claims against the State under § 1983, § 1985, and § 1988. Plaintiff requested and received leave to file an amended complaint. Plaintiff's amended complaint alleges the same claims as the original complaint, but names Steven Boltz, Duane Jones, Kevin Donley, and Kari Brady as defendants, in addition to

---

[1] 97 P.3d 93 (Alaska App. 2004).

[2] *Crocker*, 97 P.3d at 94 (citing *Ravin v. State*, 537 P.2d 494 (Alaska 1975)).

[3] *Id.*

[4] Complaint at 2, doc. 1.

-2-

the Municipality of Anchorage, John Does 1-26, and the State of Alaska.[5]  By prior orders, the court has dismissed all of plaintiff's claims against the State, as well as plaintiff's claims under § 1983, § 1985, and § 1988 against defendants Donley and Brady.[6]

Plaintiff's amended complaint alleges that defendants Steven Boltz and Duane Jones, who were employed as police officers by the Municipality of Anchorage, executed the search warrants at issue in their individual capacities.  The amended complaint further avers that Mahle's civil rights were violated by the Municipality of Anchorage "through its improper searches of Mahle's residence."[7]

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[8]  The court is not required to accept every conclusion asserted in the complaint as true; rather the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[9]  A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[10]  A dismissal for failure to state a claim can be based

---

[5] Doc. 18.

[6] Docs. 46, 51, and 68.

[7] Complaint at 4, doc. 1.

[8] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[9] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

[10] *Vignolo,* 120 F.3d at 1077.

on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]

## IV.  DISCUSSION

**Claims Under 42 U.S.C. § 1983**

Municipal defendants move to dismiss plaintiff's § 1983 claims against them on two grounds: (1) plaintiff's claims are not cognizable under § 1983; and (2) defendants Boltz and Jones are immune from the alleged claims.  To establish a claim under § 1983, plaintiff must show that "1) a violation of a right secured by the Constitution and laws of the United States has occurred; and 2) the person alleged to have committed the violation acted under color of state law."[12]

It is undisputed that defendants Boltz and Jones were acting under color of state law.  As to the first element of his § 1983 claim, plaintiff asserts that the Municipal defendants violated his civil rights "through its improper searches of [plaintiff's] residence."[13]  Plaintiff's complaint specifically alleges that defendants "did not have probable cause to search plaintiff's mobile home in light of *State v. Cocker.*"[14]

The Municipal defendants argue that plaintiff's claims are not cognizable under § 1983 because they are based on violations of state law, not federal law.  "[W]hen a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action."[15]  "However, Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.'  To the extent that the violation of a state law amounts to

---

[11]B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[12]*Villegas v. City of Gilroy*, 484 F.3d 1136, 1139 (9th Cir. 2007).

[13]Amended Complaint at 4, doc. 18.

[14]*Id.* at 4.

[15]*Lovell By and Through Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."[16]

"Probable cause exists when the arresting officer has 'a reasonable belief, evaluated in light of the officer's experience and the practical considerations of everyday life, that a crime has been, is being, or is about to be committed.'"[17] Under federal law, "the presence of the odor of contraband may itself be sufficient to establish probable cause."[18] Under Alaska law, the odor of marijuana alone is not sufficient to establish probable cause "unless the State's warrant application establishes probable cause to believe that the person's possession of marijuana exceeds the scope of the possession that is constitutionally protected under *Ravin*."[19]

Citing *Kerr*, Municipal defendants argue that "[b]ecause it is a crime to possess marijuana under federal law, officer testimony of a strong odor of marijuana coming from a private residence is sufficient to establish probable cause for the issuance of a warrant to search the home for marijuana."[20] The court concurs. Because there was sufficient probable cause under federal law to support the issuance and execution of the search warrants in question, plaintiff's claims based on the lack of probable cause are not cognizable under § 1983.

Defendants next contend that plaintiff's § 1983 claims against defendants Boltz and Jones must be dismissed because they are entitled to either absolute or qualified immunity. In a suit against a police officer for an alleged violation of a constitutional right, "the requisites of a qualified immunity defense must be considered in proper sequence."[21] A court deciding the issue of qualified immunity must first consider the

---

[16] *Id.* (internal citation omitted).

[17] *Johnson v. Hawe*, 388 F.3d 676, 681 (9th Cir. 2004) (quoting *Hopkins v. City of Sierra Vista*, 931 F.2d 524, 527 (9th Cir. 1991) (citation and internal quotation marks omitted)).

[18] *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989).

[19] *Crocker*, 97 P.3d at 94 (citing *Ravin v. State*, 537 P.2d 494 (Alaska 1975)).

[20] Doc. 56 at 5.

[21] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[22] "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."[23] "This second inquiry 'must be undertaken in light of the specific context of the case,' to discern whether '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[24]

Plaintiff's complaint alleges that defendants Boltz and Jones violated his rights by executing the search warrants at issue and conducting improper searches of his residence. As indicated above, the crux of plaintiff's claim is that defendants violated his rights by executing a search warrant without probable cause under *Crocker*, in which the Alaska Court of Appeals ruled that the odor of marijuana alone is generally not sufficient to establish probable cause. Taken in the light most favorable to plaintiff the facts alleged do not show that defendants' conduct violated "a constitutional right." Rather, plaintiff's claim alleges the deprivation of a state-created interest that reaches beyond that guaranteed by federal law.[25] Moreover, even if plaintiff were able to show an enforceable federal violation based on the right to privacy in the Alaska Constitution and state court decisions interpreting that right, the right that plaintiff alleges was violated was not clearly established at the time of defendants' actions such that a reasonable officer would know that his actions violated that right. The cases plaintiff cites in support of his claims were both decided after the actions alleged in plaintiff's

---

[22]*Id.*

[23]*Id.*

[24]*Johnson v. Hawe*, 388 F.3d 676, 681 (9th Cir. 2004).

[25]*Lovell*, 90 F.3d at 370.

complaint.[26]  For the reasons set out above, the Municipal defendants are entitled to judgment dismissing plaintiff's § 1983 claims against them.

**Claims Under 42 U.S.C. § 1985**

In his amended complaint, plaintiff alleges that defendants violated 42 U.S.C. § 1985, which proscribes certain types of conspiracies to deprive persons of the equal protection of the laws.  Because plaintiff does not assert any federal interest or involvement with the alleged conspiracy, the court concludes that plaintiff's §1985 claims against the Municipal defendants are based on the second clause of § 1985(2) or the first clause of 1985(3).[27]  "Under the relevant clauses of these subsections, a properly pleaded claim must include an allegation of racial or class-based animus."[28]  "To establish racial or class-based animus, a plaintiff must show 'invidiously discriminatory motivation...behind the conspirators' action.'"[29]

Municipal defendants move to dismiss plaintiff's § 1985 claims on the grounds that "Mahle has not alleged any racial or class-based discriminatory animus."[30]  Plaintiff did not respond to defendants' argument.  Because plaintiff has not alleged any race or class-based discrimination nor shown any invidiously discriminatory motivation behind defendants' conduct, plaintiff fails to state a claim for relief under §1985.  Because the Municipal defendants are entitled to judgment dismissing plaintiff's claims under § 1983 and § 1985, plaintiff's claim for attorney's fees under § 1988 against the Municipal defendants must also be dismissed.

**State Law Claims**

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it

---

[26]*State v. Crocker*, 97 P.3d 93 (Alaska App. 2004); *Noy v. State*, 83 P.3d 538 (Alaska App. 2003).

[27]*Bretz. v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc).

[28]*Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

[29]*Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

[30]Doc. 56 at 11.

has original jurisdiction." The court has now dismissed all claims over which it has original jurisdiction in this action.[31] The only claims remaining before the court are plaintiff's state law claims against the Municipal defendants and defendants Brady and Donley. As no claims over which the court has original jurisdiction remain before the court, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to § 1367(c)(3). Plaintiff is free, of course, to file his state law claims in the appropriate state court

## V. CONCLUSION

For the reasons set out above, Municipal defendants' motion to dismiss at docket 55 is **GRANTED** and plaintiffs' claims against the Municipal defendants under 42 U.S.C. §§ 1983, 1985, and 1988 are **DISMISSED**. As no claims over which the court has original jurisdiction remain before the court, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), and this matter is **DISMISSED**. The clerk of court will please enter judgment in this matter.

DATED at Anchorage, Alaska, this 21st day of November 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[31] See docs. 46, 51, 68.

Case 3:06-cv-00255-JWS   Document 72   Filed 11/21/07   Page 8 of 8